UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

ERIC HUBBARD,

               Plaintiff,                        Case No. 2:12-cv-469

v.                                               Honorable R. Allan Edgar

RICHARD RECLA et al.,

               Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff is incarcerated in the Kinross Correctional Facility (KCF). In his *pro se* complaint, Plaintiff sues the following KCF employees: Corrections Officers Richard Recla, Mark Fountain, (Unknown) Voilick; Counselor Charles Cook; and an unknown corrections officer identified as "John Doe."

Plaintiff was transferred to KCF on July 9, 2010. Upon his arrival, Plaintiff observed Defendant Fountain throwing prisoners' property from the property truck to the ground. Plaintiff asked Fountain not to throw his property, but Fountain threw Plaintiff's property to the ground anyway, telling Plaintiff to "'shot [sic] [his] fucking mouth'" and that Plaintiff "had too much property and would not get to keep most of it anyway." (Compl., ¶ 2, docket #1-1, Page ID#5.) Defendant Fountain then instructed Defendant Recla to issue a contraband removal slip on all of Plaintiff's property. Later that night, Recla told Plaintiff that he would not get his property until Recla could go through it. The following day, Plaintiff was informed that he was being placed in segregation for possession of allegedly dangerous contraband, which consisted of three water-based markers and one "sanitation wipe." While Plaintiff was in segregation, he received two minor misconduct tickets for possession of contraband. The first contraband removal record was, written by Defendant Recla on July 9, 2010, included a radio, typewriters, tape player, clothing items, and numerous other items. The second minor misconduct and contraband removal slip, written by Defendant Voilick on July 9, 2010, concerned three legal footlockers, various legal reference books, religious materials and other miscellaneous items.

Plaintiff was released from segregation after seven days. On July 20, 2010, Defendant Cook and Officer Klingshian[1] held an administrative hearing regarding a portion of the property that had been seized as contraband. The property at issue in the hearing included the following: a GE Super Radio, a typewriter and various typewriter accessories, an Aiwa stereo radio cassette player, a musical keyboard and amplifier, rain gear, leather gloves, legal resource and religious books, a coaxial cable cord, racquet balls, a Sharp calculator, and a high security combination lock. Defendant Cook went through the items one-by-one and told Plaintiff why the items were considered contraband. In most cases, Cook found that Plaintiff could not provide adequate proof of ownership or that the property had been altered in some way from its original state. Plaintiff disputes Cook's decision, claiming that Cook refused to examine Plaintiff's receipts of purchase for the items and ignored Plaintiff's reasonable explanations for the alleged alterations. Plaintiff was given the choice of having the contraband property sent to an address outside the facility or having it destroyed.

At the end of the hearing, Plaintiff asked Cook about his missing property, including an MP3 player, the charger unit and accessory armband. Cook initially told Plaintiff that he never owned those items. Plaintiff claims that he presented Cook with a receipt from the original purchase of the items and a receipt showing that the items had been removed from his property. Cook then told Plaintiff to "grieve it." (Compl., ¶¶ 43- 46, Page ID#11.) Plaintiff informed Cook that he would file a grievance concerning his property. Plaintiff told Cook that he had owned much of the property for twenty years and had been allowed to possess it at other facilities. He also accused Cook of improperly seizing his property because of Plaintiff's disagreement with Defendant

---

[1]Officer Klingshian is not listed as a Defendant in this action.

Fountain upon his arrival at the facility. Cook responded that the officers at the other facilities where Plaintiff had been incarcerated had not been doing their jobs correctly.

On July 21, Plaintiff filed grievances against Cook, Recla and Voilick, asserting staff corruption, retaliation, theft and denial of access to legal property. Plaintiff alleges that he had administrative hearings regarding two of the three footlockers containing legal materials. Plaintiff was informed that the third footlocker, which also had been full of legal materials, was found completely empty.

For relief, Plaintiff seeks the return or replacement of his seized and lost property, as well as other injunctive relief and monetary damages.

## Discussion

I.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for

more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Due Process - Property

Plaintiff claims that Defendants confiscated his personal property as contraband in violation of his right to due process under the Fourteenth Amendment. "Due process is a flexible concept that generally requires some type of hearing prior to a state's deprivation of an individual's liberty or property." *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991) (citing *Zinermon v. Burch*, 494 U.S. 113 (1990)).

The complaint indicates that Plaintiff received notice and a hearing regarding the confiscated property. Thus, it appears that Plaintiff received the minimum process to which he was entitled, i.e., notice and an opportunity to be heard. *See Fuentes v. Shevin*, 407 U.S. 67, 80–81

(1972) (holding that procedural due process is satisfied by giving an individual notice and an opportunity to be heard before the government deprives him of his possessions). Even if the process provided to Plaintiff was not adequate, Plaintiff's due process claim would be barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part by *Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. *Id.* at 537. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Id*. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984).

While an administrative hearing was held regarding Plaintiff's confiscated property in accordance with MDOC policy, Plaintiff claims that Cook failed to conduct a fair and impartial hearing. For example, under prison policy, the prison official bears the burden of proof to show that the property in question is not owned. However, Cook allegedly found that Plaintiff could not provide adequate proof of ownership with regard to several items after refusing to examine Plaintiff's receipts of purchase for the items. Plaintiff also contends that Cook improperly deprived him of his property due to Plaintiff's disagreement with Defendant Fountain. Thus, Plaintiff asserts an unauthorized deprivation of property and, therefore, *Parratt* applies to his claim. *See Kennedy v. Bonevelle*, 413 F. App'x 836, 840 (6th Cir. 2011) (applying *Parratt* where the pleadings alleged that prison officials took unauthorized action in connection with a property deprivation hearing). *Parratt* also clearly applies to Plaintiff's lost property, the loss of which resulted from the "random and unauthorized act" of a state employee. *See Parratt*, 451 U.S. at 537.

Because *Parratt* applies, Plaintiff must plead and prove the inadequacy of state post-deprivation remedies. *See Kennedy*, 413 F. App'x at 840; *Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985). Plaintiff's allegations fail to satisfy this pleading requirement. Indeed, there are several post-deprivation remedies that may be available to Plaintiff. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. Mich. Dep't of Corr., Policy Directive 04.07.112, ¶ B (effective Nov. 15, 2004). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. Mich. Comp. Laws § 600.6419; Policy Directive, 04.07.112, ¶ B. Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." Mich. Comp. Laws § 600.6419(1)(a). Moreover, the Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for the deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why any of the foregoing procedures would not afford him complete relief for the deprivation of his personal property. Plaintiff, therefore, fails to state a due process claim against Defendants with regard to his seized and lost property.

B. **Due Process - Minor Misconduct Tickets**

Plaintiff also fails to state a due process claim arising from his two minor misconduct convictions. A prisoner's ability to challenge a prison misconduct conviction depends on whether the convictions implicated any liberty interest. A prisoner does not have a protected liberty interest

in prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 486-87 (1995). Under Michigan Department of Corrections Policy Directive 03.03.105, ¶ B, a Class I misconduct is a "major" misconduct and Class II and III misconducts are "minor" misconducts. The policy further provides that prisoners are deprived of good time or disciplinary credits only when they are found guilty of a Class I misconduct. (*See* Policy Directive 03.03.105, ¶ AAAA). Plaintiff, therefore, was not deprived of good time or disciplinary credits as a result of his Class II misconduct convictions. The Sixth Circuit routinely has held that misconduct convictions that do not result in the loss of good time are not atypical and significant deprivations and therefore do not implicate due process. *See, e.g., Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003); *Green v. Waldren*, No. 99-1561, 2000 WL 876765, at *2 (6th Cir. June 23, 2000); *Staffney v. Allen*, No. 98-1880, 1999 WL 617967, at *2 (6th Cir. Aug. 12, 1999). Plaintiff, therefore, fails to state a due process claim arising from his Class II misconduct convictions.

          C.      **Access to the Court**

Plaintiff's allegations suggest that he was deprived of his legal property in violation of his First Amendment right of access to the courts. It is clearly established that prisoners have a constitutionally protected right of access to the courts under the First and Fourteenth Amendments. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prison officials have a two-fold duty to protect a prisoner's right of access to the courts. *McFarland v. Luttrell*, No. 94-6231, 1995 WL 150511, at *3 (6th Cir.

Apr. 5, 1995). First, they must provide affirmative assistance in the preparation of legal papers in cases involving constitutional rights, in particular criminal and habeas corpus cases, as well as other civil rights actions relating to the prisoner's incarceration. *Id.* (citing *Bounds*, 430 U.S. at 824-28). Second, the right of access to the courts prohibits prison officials from erecting any barriers that may impede the inmate's accessibility to the courts. *Id.* (citing *Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992)); *see also Bounds*, 430 U.S. at 822 (citing *Ex parte Hull*, 312 U.S. 546, 549 (1941)). In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual injury to pending or contemplated litigation. *See Lewis*, 518 U.S. at 349; *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. Plaintiff does not allege any injury resulting from the seizure of his legal property. Consequently, he fails to state a claim for denial of access to the courts.

        D.    **Retaliation**

Plaintiff contends that Defendant Cook's determination that all of Plaintiff's seized property was contraband "was due solely" to Plaintiff's disagreemnt with Officer Fountain upon his arrival at the facility. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the

defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Assuming Plaintiff can satisfy the first two elements of a retaliation claim, he cannot establish that Cook's decision regarding his property was motivated by Plaintiff's alleged disagreement with Defendant Founrtain. Plaintiff alleges that upon his arrival at KCF, Plaintiff asked Officer Fountain not to throw his property off the truck, but Fountain threw it anyway, telling Plaintiff to "'shot [sic] [his] fucking mouth'" and that Plaintiff "had too much property and would not get to keep most of it anyway." (Compl., ¶ 2, docket #1-1, Page ID#5.) At Fountain's direction, Defendants Recla and Voilick issued contraband removal slips on Plaintiff's property. While Plaintiff appears to interpret Fountain's comment about his property as a threat, it also could be construed as an observation that Plaintiff's personal property exceeded that allowed under MDOC Policy Directive 04.07.112, Prisoner Personal Property. Regardless, a defendant's statements or conduct are not evidence of retaliation if that defendant is not the decision-maker taking the alleged adverse action. *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001); *Shehee v. Luttrell*, 199 F.3d 295, 301 (6th Cir. 1999).

In this case, Defendant Cook, not Defendant Fountain, was the decision-maker with regard to Plaintiff's seized property. Plaintiff's assertion that Cook's decision "was due solely" to Plaintiff's disagreement with Fountain is wholly conclusory. Plaintiff does not make any allegations whatsoever that Cook was aware of his disagreement with Fountain or that Cook harbored any negative animus toward Plaintiff arising from that incident. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987));

*see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Plaintiff, therefore, fails to state a retaliation claim.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:         7/1/2013                              */s/ R. Allan Edgar*
                                              R. Allan Edgar
                                              United States District Judge